UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paris M. Cullar, | File No. 24-CV-03741 (JMB/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| Warden, FCI Sandstone, | |
| Respondent. | |

Paris M. Cullar, Sandstone, MN, self represented.

Ana H. Vos and Ann M. Bildtsen, United States Attorney's Office, Minneapolis, MN, for Respondent Warden, FCI Sandstone.

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Elizabeth Cowan Wright, dated November 14, 2024 (Doc. No. 5) on Petitioner Paris M. Cullar's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Cullar objected to the R&R (Objection) (Doc. No. 6) and Respondent FCI Warden, Sandstone (Warden) responded. (Doc. No. 8.) For the reasons explained below, the Court will overrule the Objection and adopt the R&R.

## BACKGROUND

A recital of the factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed history, the Court only briefly summarizes it here.

In December 2022, Cullar was sentenced to a term of imprisonment of 149 months and 28 days after pleading guilty to one count of conspiring to distribute a controlled substance, in violation of 21 U.S.C. § 846.  *See United States v. Cullar*, No. 22-CR-0009 (CJW/MAR), Doc. No. 41 (N.D. Iowa Dec. 21, 2022).  Cullar was later resentenced under Amendment 821 of the U.S. Sentencing Guidelines to 133 months and 28 days.  *Id.*, Doc. No. 44.

In his Petition, Cullar challenges the BOP's calculation of his "PATTERN score." (Doc. No. 1.)  A PATTERN score is a risk-assessment tool used by the BOP to evaluate an inmate's likelihood of recidivism and potential for serious misconduct.  *See* 18 U.S.C. § 3632; *Nitzkin v. Eischen*, No. 23-CV-0175 (NEB/DLM), 2024 WL 694113, at *2 (D. Minn. Jan. 22, 2024) (discussing PATTERN scoring), *report and recommendation adopted* 2024 WL 694496 (D. Minn. Feb. 20, 2024).  Prisoners are assigned a PATTERN score based on various factors.  The score categorizes inmates into risk levels that may impact eligibility for certain incentives such as earned-time credits.  18 U.S.C. § 3632(a). According to Cullar, his PATTERN score was "Medium" before his Amendment-821 resentencing; after resentencing, his score was "Low."  (Doc. No. 1 at 6–7.)  Cullar asserts in his Petition that the "Low" status should retroactively apply to the time he began serving his sentence, which would result in sixty-five additional earned-time credits.  (*Id.* at 7.)

The R&R recommends dismissal of Cullar's Petition on grounds that his claim— which implicates the BOP's implementation of a program of "prisoner classification and eligibility for rehabilitative programs in the federal system"—is not cognizable in habeas. (Doc. No. 5 at 3–5 (quoting *Moody v. Daggett*, 429 U.S. 78, 86–88 (1976)).)  The

Magistrate Judge provided citation to numerous decisions from this District that reached a similar conclusion. (*See* Doc. No. 5 at 4–5 (collecting cases).)

## DISCUSSION

Cullar filed an Objection to the R&R. (Doc. No. 6.) On the same day, he also filed an Amended Petition. (Doc. No. 7.) As discussed below, the Court strikes the Amended Petition as untimely and overrules the Objection.

### A.   Amended Petition

Cullar filed an Amended Petition on the same day he filed his Objection. According to Cullar, the Amended Petition was meant to "avoid unnecessary debate" about the viability of his claim and to "moot the Report and Recommendation." (Doc. No. 6 at 4.)

Pleadings in habeas actions are governed by 28 U.S.C. § 2242. The statute provides that a petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions;" in other words, petitions may be amended in the same way pleadings may be amended according to the Federal Rules of Civil Procedure. *Id.* The Federal Rules of Civil Procedure provide that a party may amend a pleading without leave of Court in two circumstances: either (1) within twenty-one days after service of the original pleading; or (2) within twenty-one days after an opponent serves a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1).

Here, Cullar filed his Amended Petition on December 2, 2024; this was far more than twenty-one days after service of the original Petition (which was filed on September 25, 2024), to which the Warden interposed no responsive pleading. The Court strikes the Amended Petition as untimely.

### B. Objection to the R&R

Cullar filed a timely Objection to the R&R. In it, he argues that the Magistrate Judge relied on faulty caselaw to conclude that his claim goes beyond the purview of a habeas claim under § 2241. The Court conducts a de novo review of any portion of an R&R to which a petitioner makes specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The Court also gives the filings and objections of self-represented litigants liberal construction. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Cullar asserts that, in his Petition, he simply "asks the Court for an order that would result in Cullar's sentence being 65 days shorter," and that the Court has previously exercised jurisdiction over § 2241 petitions that implicate eligibility for earned-time credits under the First Step Act. (Doc. No. 6 at 2–3.) However, Cullar mischaracterizes the claim in his Petition. In the Petition, Cullar states that he is challenging the "[c]alculation of PATTERN score and resulting under-awarding of First Step Act Credits." (Doc. No. 1 at 2.) He asks the Court to "order the BOP to calculate Cullar's PATTERN score with five criminal history points from the beginning of Cullar's sentence, assess Cullar as a 'Low' PATTERN score from that time" and allocate time-earned credits accordingly. (*Id.* at 8.) That is, Cullar is asking the Court to order the BOP to make a determination about the propriety of and to recalculate his PATTERN score. The caselaw in this Circuit and District are clear: challenges to PATTERN-score adjustments are beyond the reach of a § 2241 claim. *See Pollock v. Marske*, No. 21-CV-2570, 2022 WL 1218640, at *1 (8th Cir. Apr. 26, 2022); *Barnes v. Segal*, No. 23-CV-0939 (JRT/DLM), 2024 WL 418695, at *4

4

(D. Minn. Jan. 16, 2024), *report and recommendation adopted* 2024 WL 416400 (D. Minn. Feb. 5, 2024); *Vang v. Eischen*, No. 23-CV-0721 (JRT/DLM), 2023 WL 5417764, at *5 (D. Minn. Aug. 1, 2023), *report and recommendation adopted* 2023 WL 5403793 (D. Minn. Aug. 22, 2023); *Prince v. Fikes*, No. 21-CV-0643 (MJD/BRT), 2021 WL 2942311, at *3 (D. Minn. June 16, 2021), *report and recommendation adopted* 2021 WL 2936656 (D. Minn. July 13, 2021).  For that reason, and because the Court discerns no other clear error in the R&R, Cullar's Objection is overruled.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Amended Petition (Doc. No. 7) is STRICKEN as untimely.
2. Petitioner's Objection (Doc. No. 6) to the R&R is OVERRULED.
3. The R&R (Doc. No. 5) is ADOPTED.
4. The Petition (Doc. No. 1) is DENIED.
5. This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 13, 2025              /s/ *Jeffrey M. Bryan*
                                    Judge Jeffrey M. Bryan
                                    United States District Court

5