UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paris M. Cullar,                                           File No. 24-CV-03741 (JMB/ECW)

      Petitioner,

v.
                                              **ORDER**

Warden, FCI Sandstone,

      Respondent.

---

This matter is before the Court on Petitioner Paris Cullar's motion to vacate the March 13, 2025 Order adopting the Report and Recommendation (R&R) and to alter the subsequent Judgment. (Doc. No. 11.) For the reasons discussed below, the Court grants the motion in part and denies it in part.

### BACKGROUND

In September 2024, Cullar filed his petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he argued that Respondent improperly calculated his PATTERN score because it does not account for his Amendment 821 sentence reduction, which should retroactively lower his PATTERN score from "Medium" to "Low." (Doc. No. 1.) On November 14, 2025, Magistrate Judge Elizabeth Cowan Wright issued an R&R, which recommended that the Court dismiss Cullar's petition on grounds that his specific arguments for relief were not cognizable in habeas and, as a result, the Court lacked jurisdiction over the action. Cullar timely filed an Objection to the R&R. (Doc. No. 6.) He also filed an Amended Petition which, in his view, was meant to "avoid unnecessary

1

debate" about the viability of his initial petition and to "moot the Report and Recommendation." (Doc. No. 7.)

On March 13, 2025, the undersigned issued an Order (March 13 Order) that overruled Cullar's objection; adopted the R&R; struck the Amended Petition as untimely under Federal Rule of Civil Procedure 15(a)(1) because it was filed more than twenty-one days after service of the original petition; and dismissed the matter with prejudice. (*See generally* Doc. No. 9.)

## ANALYSIS

Cullar now moves the court to vacate its March 13 Order under and to alter the Judgment under Federal Rule of Civil Procedure 59(e) and 60(b)(4). (Doc. No. 11.) A motion to alter or amend a judgment under Rule 59(e) is "intended to correct manifest errors of law or fact or to present newly discovered evidence." *Knish v. Stine*, 347 F. Supp. 2d 682, 685–86 (D. Minn. 2004). A Rule 59(e) motion is not meant to be used to relitigate old or settled issues. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). For its part, a motion under Rule 60(b) is meant to relieve a party of a final judgment or order for enumerated reasons, including for "mistake, inadvertence, surprise, or excusable neglect," or because "the judgment is void."

Cullar first argues that the Court should vacate the March 13 Order and reinstate the Amended Petition on grounds that the Court erroneously concluded that the Amended Petition was untimely under Federal Rule of Civil Procedure 15(a)(1). The Court disagrees. As noted in the March 13 Order, Rule 15(a)(1) applies in habeas actions. *See* 28 U.S.C. § 2242. Rule 15(a)(1) provides that a party may amend a pleading without leave

2

of Court (as Cullar did) in either of two circumstances: (1) within twenty-one days after service of the original petition; and (2) within twenty-one days after an opponent serves a responsive pleading. Cullar argues that the docket does not reflect the date Respondent was served with his Petition, and, as a result, the Court cannot conclude his Amended Petition—which was filed almost ten weeks after he filed the initial petition and eight weeks after Respondent filed a Notice of Appearance—was filed more than twenty-one days after service of the original petition. (*See* Doc. No. 11.) Further, even if the Amended Petition was timely, it still asks the Court to order the BOP to make a determination about the propriety of and to recalculate his PATTERN score,[1] which, as explained with ample legal support in the March 13 Order, is beyond the reach of a § 2241 claim. (*See* Doc. No. 9 at 4–5.)

      Cullar also argues that the Court's direction to the Clerk to dismiss this action with prejudice was error and that the judgment should be amended to reflect a dismissal *without* prejudice. The Court agrees that it was a clerical error to have directed the Clerk to dismiss the matter with prejudice. *See, e.g.*, *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Mo. Soybean Ass'n v. U.S. E.P.A.*, 289 F.3d 509, 513 (8th Cir. 2002). This portion of Cullar's motion will be granted.

---

[1] In his stricken Amended Petition, Cullar asks the Court to "Order the Bureau of Prisons to correctly calculate Cullar's sentence duration by awarding him 65 sentence reduction credits under the First [Step] Act." (Doc. No. 7 ¶ 15.)

3

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Paris Cullar's motion to vacate the March 13, 2025 Order and to alter the Judgment (Doc. No. 11) is GRANTED in part and DENIED in part as follows:

1. The March 13, 2025 Order will not be vacated and the Amended Petition will not be reinstated.

2. The Judgment shall be amended and shall reflect that the dismissal of this action is WITHOUT PREJUDICE.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 24, 2025                                         /s/ *Jeffrey M. Bryan*
                                                              Judge Jeffrey M. Bryan
                                                              United States District Court